UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARCIANNE ANDREOZZI AND STEVEN TRIPP, :
on Behalf of Themselves and Others :
Similarly-situated, :
    PLAINTIFFS :
 :
 :
v.                                                    :      C.A. NO.
 :
                                                   :      COLLECTIVE AND CLASS ACTION
SYNRGY HEALTH AND FITNESS, LLC, :      COMPLAINT
MICHAEL T. OWEN, JR., AND :
DEBORAH OWEN, :
    DEFENDANTS :
 :

## COMPLAINT

Plaintiffs MARCIANNE ANDREOZZI AND STEVEN TRIPP (collectively, "Plaintiffs"), on behalf of themselves and all others similarly-situated, by and through their attorney, Mark P. Gagliardi, bring this action against Defendants SYNRGY HEALTH AND FITNESS, LLC, MICHAEL T. OWEN, JR., AND DEBORAH OWEN (hereinafter, collectively "Defendants" unless otherwise indicated expressly or by context) for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the ("FLSA"), the Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1, et seq. (the "RIMWA"); and § 28-14-1, et seq. Plaintiffs' FLSA and RIMWA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action under Rule 23 of the Federal Rules of Civil Procedure. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## THE PARTIES

1.     Plaintiff MARCIANNE ANDREOZZI ("Andreozzi") is an individual, female person of legal age and a resident of Barrington, Rhode Island. At all relevant times to this action, Plaintiff Andreozzi was an "employee" within the meaning of R.I. Gen. Laws § 28-12-2(5) and R.I. Gen. Laws § 28-14-1(2) of the RIMWA and 29 U.S.C. § 203(e)(1) of the FLSA.

2. Plaintiff STEVEN TRIPP ("Tripp") is an individual, male person of legal age and a resident of Rehoboth, Massachusetts. At all relevant times to this action, Plaintiff Tripp was an "employee" within the meaning of R.I. Gen. Laws § 28-12-2(5) and R.I. Gen. Laws § 28-14-1(2) of the RIMWA and 29 U.S.C. § 203(e)(1) of the FLSA.

3. Defendant SYNRGY HEALTH AND FITNESS, LLC ("Synrgy") is a domestic limited liability company organized under the laws of the State of Rhode Island and is authorized to conduct business in the State. At all times relevant to this action, Defendant Synrgy operated, managed, and maintained a health and fitness club located at Three Davol Square, Providence, Rhode Island. Furthermore, Defendant is an "employer" within the meaning of R.I. Gen. Laws § 28-12-2(6) and R.I. Gen. Laws § 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA.

4. Defendant MICHAEL T. OWEN, JR., at all times relevant to this action, and upon information and belief, was a Manager and owner of Defendant Synrgy. Defendant Michael T. Owen, Jr. exercised control over the terms and conditions of Plaintiffs' employment, is a person acting as an agent directly or indirectly in the interests of Defendant Synrgy, and an "employer" within the meaning of R.I. Gen. Laws § 28-12-2(6) and R.I. Gen. Laws § 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA. Upon information and belief, Defendant Michael T. Owen exercised operational control over significant aspects of the business, including but not limited to the payroll, causing Defendant Synrgy to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits and, therefore, Defendant Michael T. Owen, Jr. is individually liable to Plaintiffs for the damages alleged herein.

5. Defendant DEBORAH OWEN, at all times relevant to this action, and upon information and belief, was a Manager and owner of Defendant Synrgy. Defendant Deborah Owen exercised control over the terms and conditions of Plaintiffs' employment, is a person acting as an agent directly or indirectly in the interests of Defendant Synrgy, and an "employer" within the meaning of R.I. Gen. Laws § 28-12-2(6) and R.I. Gen. Laws § 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA. Upon information and belief, Defendant Deborah Owen exercised operational control over significant aspects of the business, including but not limited to the payroll, causing Defendant Synrgy to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits and, therefore, Defendant Deborah Owen is individually liable to Plaintiffs for the damages alleged herein.

6. At all times relevant to this action, Defendants were engaged in the stream of interstate commerce and acted as Plaintiffs' "employers" within the meaning of 29 U.S.C. § 203(d) and R.I. Gen. Laws § 28-12-2(6) of the RIMWA.[1]

7. At all times relevant to this action, Defendants were engaged in related activities performed through unified operation or common control for a common business purpose and were an "enterprise" within the meaning of 29 U.S.C. § 203(r).

---

[1] See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 34 (1st Cir. 2007) (corporate officer personally liable because he was instrumental in causing corporation to violate FLSA); Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998); see also Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991), and cases cited therein.

8. At all times hereinafter mentioned, Defendants on a regular, consistent and recurrent basis, as part of the Defendants' regular course of business of distributing product in interstate commerce, employed Plaintiffs in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce. Said enterprise, at all times hereinafter mentioned has had an annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because Plaintiffs' state and federal claims derive from a common nucleus of operative facts.

11. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this Court insofar as the Defendants are doing business in Rhode Island and, therefore, are deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. § 1391. Moreover, the acts and/or omissions giving rise to the claim occurred in the District of Rhode Island.

13. Personal jurisdiction exists over Defendants in that they maintain sufficient minimal contacts in the State of Rhode Island. Specifically, Defendants engage in systematic and continuous activity in the State of Rhode Island. Moreover, the actions complained of herein occurred in the State of Rhode Island.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF ANDREOZZI

14. Defendant Synrgy employed Plaintiff Andreozzi as its "Group Fitness Director/Manager" and as a "Fitness Instructor" from in or about January 2013 to in or about February 2016.

15. Plaintiff Andreozzi designed, developed, and directed Defendant Synrgy's Group Fitness Program; managed approximately nineteen (19) employees; processed the payroll for the employees she managed; and scheduled and taught fitness classes.

16. Defendant Synrgy paid Plaintiff Andreozzi an annual salary in the amount of Fifty-Two Thousand and 00/100 Dollars ($52,000.00).

17. Plaintiff Andreozzi also taught Group Fitness classes and was paid Forty and 00/100 Dollars ($40.00) for each class she taught.

18. Beginning in late 2013, Defendant Synrgy failed to pay Plaintiff Andreozzi for five (5) consecutive weeks totaling Five Thousand and 00/100 Dollars ($5,000.00) because Defendant Owen claims he "needed the money for [his] wedding."

19. On November 6, 2015, Plaintiff's bank TD Bank NA returned a check Defendant Synrgy issued to her in the amount of One Thousand and 00/100 Dollars ($1,000.00) due to "NON SUFFICIENT FUNDS" and charged her a fee of $15.00.

20. On January 5, 2016, Plaintiff's bank TD Bank NA returned two checks Defendant Synrgy issued to her in the amount of One Thousand Eight Hundred and 00/100 Dollars ($1,800.00) and One Hundred Twenty 00/100 Dollars ($120.00) due to "NON SUFFICIENT FUNDS" and charged her fees of $30.00.

21. From on or about December 30, 2015 to in or about February 2016, Defendant Synrgy failed to pay Plaintiff Andreozzi for thirty (30) classes she taught amounting to $1,200.00 in compensation.

22. Plaintiff Andreozzi complained repeatedly to Defendant Michael T. Owen, Jr. about the back wages owed to her and each time he assured her that he would pay off the balance owed to her.

23. In February 2016, Plaintiff Andreozzi informed Defendant Michael T. Owen, Jr. she would not return to work unless she was paid for the back wages owed.

24. Because Defendants refused to pay Plaintiff Andreozzi the back wages owed, she voluntarily terminated her employment shortly thereafter.

25. Defendants had a legal duty to pay Plaintiff for all hours worked.

26. Defendants owe Plaintiff Andreozzi $9,120 in back wages.

27. Defendants' nonpayment of wages for hours worked by Plaintiff violates the Fair Labor Standards Act ("FLSA")[2] and the Rhode Island Minimum Wage Act ("RIMWA").[3]

28. Defendants willfully and repeatedly violated the provisions of the FLSA, as well as the RIMWA, by requiring Plaintiff to work without compensation.

---

[2] See Norceide v. Cambridge Health Alliance, 814 F.Supp.2d 17, 23-25 (D. Mass 2011) (The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26. In effect, the employer was getting free hours of work from the employees); see also, 29 C.F.R. § 778.113(a) (when a salaried employee has a fixed workweek less that forty (40) hours, she is entitled to her hourly equivalent for all additional hours worked up until forty hours and time and one half for every hour worked above hour forty).

[3] The RIMWA mirrors the FLSA in that it largely incorporates the federal exempt worker categories. See R.I. Gen. Laws § 28-12-1, et seq.

29. Because of Defendants' acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages and other compensation and/or benefits of employment and has suffered other great damage.

30. Defendants stand jointly and severally liable to Plaintiff for her damages resulting from the Defendants' illegal and wrongful actions complained of herein.

### B. PLAINTIFF TRIPP

31. Defendant Synrgy employed Plaintiff Tripp as a "Personal Trainer" and "Director of Personal Training" from in or about April 2014 to in or about January 2016.

32. In or about April 2014, Plaintiff Tripp began working for Defendant Synrgy as a "Personal Trainer."

33. Defendant Synrgy agreed to compensate Plaintiff Tripp by paying him sixty percent (60%) of the gross revenue for the personal training services he provided to club members.

34. Defendant Synrgy also agreed to provide Plaintiff Tripp with an individual plan for health insurance coverage.

35. In or about January 2015, Defendant Synrgy promoted Plaintiff Tripp to "Director of Personal Training" agreeing to pay him an annual salary of $30,000.

36. Plaintiff Tripp worked as the Director of Personal Training for approximately six (6) months during which time he designed, developed, and directed Defendant Synrgy's Personal Training Program; interview approximately two dozen Personal Trainers; hired and managed three (3) Personal Trainers; processed the payroll for the employees he managed; and also provided personal training services to the club's members.

37. During the six (6) months that Plaintiff Tripp worked as the Director of Personal Training, Defendant Synrgy never compensated him for his services.

38. On October 9, 2015, Defendant Synrgy issued Plaintiff Tripp a paycheck for personal training services provided: Check No. 1025 in the net amount of Seven Hundred Eighty Six and 5/100 Dollars ($786.05).

39. When Plaintiff Tripp attempted to cash Check No. 1025, he was informed that there were insufficient funds in Defendant Synrgy's bank account to cover the check.

40. In October 2015, Defendant Synrgy issued Plaintiff Tripp a paycheck for personal training services provided: Check No. 1026 in the net amount of Five Hundred Eighty Two and 69/100 Dollars ($582.69).

41. When Plaintiff Tripp attempted to cash Check No. 1026, he was informed that there were insufficient funds in Defendant Synrgy's bank account to cover the check.

42. On December 18, 2015 Defendant Synrgy issued Plaintiff Tripp two paychecks for personal training services he provided: Check Nos. 160 and 162, in the net amounts of Six Hundred Eight and 90/100 Dollars ($608.90) and Three Hundred Fifty Three and 46/100 Dollars ($353.46), respectively.

43. When Plaintiff Tripp attempted to cash Check Nos. 160 and 162, he was informed that there were insufficient funds in Defendant Synrgy's bank account to cover the checks.

44. In or about January 2016, Plaintiff Tripp provided ten (10) training sessions for which Defendant Synrgy charged $750.00 and for which it agreed to pay him sixty percent (60%) or $450.00.

45. Defendant Synrgy never paid Plaintiff Tripp the $450.00 for the ten (10) sessions he provided.

46. Upon information and belief, Defendant Synrgy deducted $82.00 per week from his paycheck over a six to eight month period for health care coverage.

47. However, on several occasions, Plaintiff Tripp sought medical treatment and was informed that he did not have health care coverage despite his employer taking deductions for health care premiums directly from his check.

48. Upon information and belief, Defendants withheld payroll taxes from Plaintiff Tripp's checks, but never remitted the withholding tax to the IRS or the Rhode Island Department of Taxation.

49. In January 2016, Plaintiff Tripp voluntarily terminated his position because of Defendant Synrgy's failure to pay him the wages owed.

50. Defendants had a legal duty to pay Plaintiff Tripp for all hours worked.

51. Defendants owe Plaintiff Tripp $17,781.10 in back wages plus deductions for health care premiums that were improperly deducted from his pay.

52. Defendants' nonpayment of wages for hours worked by Plaintiff violates the Fair Labor Standards Act ("FLSA")[4] and the Rhode Island Minimum Wage Act ("RIMWA").[5]

---

[4] See Norceide v. Cambridge Health Alliance, 814 F.Supp.2d 17, 23-25 (D. Mass 2011) (The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26. In effect, the employer was getting free hours of work from the employees); see also, 29 C.F.R. § 778.113(a) (when a salaried employee has a fixed workweek less that forty (40) hours, she is entitled to her hourly equivalent for all additional hours worked up until forty hours and time and one half for every hour worked above hour forty).

[5] The RIMWA mirrors the FLSA in that it largely incorporates the federal exempt worker categories. See R.I. Gen. Laws § 28-12-1, et seq.

53. Defendants willfully and repeatedly violated the provisions of the FLSA, as well as the RIMWA, by requiring Plaintiff to work without compensation.

54. Because of Defendants' acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages and other compensation and/or benefits of employment and has suffered other great damage.

55. Defendants stand jointly and severally liable to Plaintiff for his damages resulting from the Defendants' illegal and wrongful actions complained of herein.

## CLAIMS AGAINST ALL DEFENDANTS

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 ET SEQ.

56. Plaintiff hereby incorporates by reference paragraphs 1-55 of this Complaint as though fully set forth herein.

57. 29 U.S.C. § 206(6), establishes the right of employees to be paid minimum wages. Group Fitness Director/Managers, Fitness Instructors, and Personal Trainers are entitled under the FLSA to be paid the minimum wage for all hours worked.

58. Defendants' failure to pay wages as set forth above was willful thereby triggering a three (3) year statute of limitations.

59. Upon information and belief, Defendant Michael T. Owen exercised operational control over significant aspects of the business, including but not limited to the payroll, causing Defendant Synrgy to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits and, therefore, Defendant Michael T. Owen, Jr. is individually liable to Plaintiffs for the damages alleged herein.

60. Upon information and belief, Defendant Deborah Owen exercised operational control over significant aspects of the business, including but not limited to the payroll, causing Defendant Synrgy to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits and, therefore, Defendant Deborah Owen is individually liable to Plaintiffs for the damages alleged herein.

61. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing to pay wages as provided therein, thereby causing Plaintiffs to suffer damages as aforesaid, for which he is entitled to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for the relief hereinafter set forth.

## COUNT II
## VIOLATION OF THE RHODE ISLAND MINIMUM WAGE ACT,
## R.I. GEN. LAWS § 28-12-1 ET SEQ. AND R.I. GEN. LAWS § 28-14-1 ET SEQ.

62. Plaintiff hereby incorporates by reference paragraphs 1-61 of this Complaint as though fully set forth herein.

63. R.I. Gen. Laws § 28-12-3 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Group Fitness Director/Managers, Fitness Instructors, and Personal Trainers are entitled under the RIMWA to be paid the minimum wage for all hours worked.

64. Upon information and belief, Defendant Michael T. Owen exercised operational control over significant aspects of the business, including but not limited to the payroll, causing Defendant Synrgy to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits and, therefore, Defendant Michael T. Owen, Jr. is individually liable to Plaintiffs for the damages alleged herein.

65. Upon information and belief, Defendant Deborah Owen exercised operational control over significant aspects of the business, including but not limited to the payroll, causing Defendant Synrgy to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits and, therefore, Defendant Deborah Owen is individually liable to Plaintiffs for the damages alleged herein.

66. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing to pay wages as provided therein, thereby causing Plaintiffs to suffer damages as aforesaid, for which he is entitled to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to R.I. Gen. Laws § 28-14-19.2.

WHEREFORE, Plaintiffs pray for the relief hereinafter set forth.

## COUNT III
## BREACH OF CONTRACT (PLAINTIFF ANDREOZZI)

67. Plaintiff Andreozzi hereby incorporates by reference paragraphs 1-66 of this Complaint as though fully set forth herein.

68. Plaintiff Andreozzi and Defendant Synrgy had an agreement whereupon Defendant Synrgy agreed to pay Plaintiff Andreozzi an annual salary of $52,000 to be the Director of Group Fitness.

69. During late 2013, Defendant Synrgy failed to pay Plaintiff Andreozzi's salary for five (5) consecutive weeks amounting to $5,000.

70. Plaintiff Andreozzi never consented to this change to her compensation.

71. Defendant Synrgy's conduct as described herein constitutes a breach of contract.

72. Plaintiff Andreozzi has been harmed thereby.

73. Defendant Synrgy owes Plaintiff Andreozzi $5,000 for back salary.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## COUNT IV
### BREACH OF CONTRACT (PLAINTIFF TRIPP)

74. Plaintiffs Tripp hereby incorporates by reference paragraphs 1-73 of this Complaint as though fully set forth herein.

75. Plaintiff Tripp and Defendant Synrgy had an agreement whereupon Defendant Synrgy agreed to pay Plaintiff Tripp an annual salary of $30,000 to be the Director of Peronal Training.

76. During the six (6) months that Plaintiff Tripp worked as the Director of Personal Training, Defendant Synrgy never compensated him for his services.

77. Defendant Synrgy's conduct as described herein constitutes a breach of contract.

78. Plaintiff Tripp has been harmed thereby.

79. Defendant Synrgy owes Plaintiff Tripp $15,000 for back salary.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring the willful and intentional wrongful acts and/or omissions of the Defendants, including, but not limited to those complained of herein, are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Rhode Island Minimum Wage Act ("RIMWA"), R.I. Gen. Laws § 28-12-1, et seq. and § 28-14-1, et seq.;

2. An award of back and front pay;

3. An award of compensatory damages;

4. An award of liquidated damages pursuant to R.I. Gen. Laws § 28-14-19.2 equal to two times the amount of wages owed;

5. An award of liquidated damages pursuant to 29 U.S.C. § 216(b) equal to the amount of wages owed;

6. An award of punitive damages;

7. An order directing the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

8. A finding that the Defendant Michael T. Owens, Jr. stands individually liable to Plaintiffs for the damages alleged herein.

9. A finding that the Defendant Deborah Owens stands individually liable to Plaintiffs for the damages alleged herein.

10. A finding that the Defendants stands liable to Plaintiffs for an award of her reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-trial hearing to determine the amount of Plaintiff's reasonable attorneys' fees taxable to the Defendants, along with a determination of Plaintiff's litigation costs and expenses taxable to the Defendants;

11. An appropriate award of pre-judgment interest on all sums recovered; and

12. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues so triable.

    MARCIANNE ANDREOZZI AND
    STEVEN TRIPP

    By Their Attorney,

    /s/Mark P. Gagliardi
    Mark P. Gagliardi (#6819)
    LAW OFFICE OF MARK P. GAGLIARDI, LLC
    120 Wayland Avenue, Suite 7
    Providence, RI 02906
    (401) 277-2030
    (401) 277-2021 (fax)
    mark@gagliardilaw.net

Dated: April 4, 2017