UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARCIANE ANDREOZZI, et al. </br>     Plaintiffs </br></br> v. </br></br> SYRGY HEALTH AND FITNESS, LLC, et al. </br>    Defendants </br></br> v. </br></br> THE TOP STRENGTH PROJECT, LLC, et al. </br>    Third Party Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )    No. 1:17-cv-00129-MSM-LDA </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the Plaintiffs' Motion for Summary Judgment Against Defendants Synrgy Health and Fitness, LLC ("Synrgy") and Michael T. Owen, Jr. ("Mr. Owen").[1] (ECF No. 40). Neither Synrgy nor Mr. Owen have responded to the Plaintiffs' Motion.

The issue before the Court is whether the Plaintiffs[2], Marcianne Andreozzi

---

[1] Pursuant to 11 U.S.C. §362, this case is automatically stayed as to Defendant Deborah Owen following her Chapter 13 bankruptcy filing. 11 U.S.C.A. § 362 (West 2010).

[2] The Complaint indicates that the Plaintiffs seek to institute both a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Fed. R. Civ. P. 23. However, the Plaintiffs have not complied with the procedural requirements for confirming either a collective action or establishing a class pursuant to Rule 23.

1

("Ms. Andreozzi") and Steven Tripp ("Mr. Tripp"), are entitled to summary judgment with respect to liability for their Fair Labor Standards Act ("FLSA"), Rhode Island Minimum Wage Act ("RIMWA"), and breach of contract claims against Synrgy and Mr. Owen.

For the following reasons, the Plaintiffs' Motion for Summary Judgment (ECF No. 40) is GRANTED.

## I. BACKGROUND

This action was commenced by the filing of a complaint on April 4, 2017 in which the Plaintiffs allege that the Defendants violated the Fair Labor Standards Act, §29 U.S.C. 201 et. seq. (FLSA) and Rhode Island's Minimum Wage Act, RIGL §28-12-1, et. seq. and §28-14-1, et. seq (RIMWA) as well as breached their employment contracts.  Thereafter the Plaintiffs filed a Motion for Summary Judgment to which the Defendants have failed to respond.[3]  The Plaintiffs' Motion for Summary Judgment is accompanied by affidavits of both plaintiffs wherein they swear to the truth of the factual allegations set forth in their complaint.  (ECF 40-2 and ECF 40-3).

It is undisputed that Ms. Andreozzi and Mr. Tripp were employed by Synrgy, which operated a health and fitness club in Providence, Rhode Island. (ECF No. 7).

---

[3] The Motion for Summary Judgment was filed by all plaintiffs on November 25, 2019. Defendants were given until December 9, 2019 to respond.  When no response was forthcoming the Court, on March 18, 2020, entered an order directing Defendants to respond on or before April 17, 2020.  As of the date of this Order the Defendants have not responded, nor have they sought additional time in which to do so.

Synrgy was both owned and managed by Mr. Owen. (ECF No. 7). Beginning in January 2013, Synrgy and Mr. Owen employed Ms. Andreozzi and then in 2014, Synrgy hired Mr. Tripp. (ECF No. 1). The Defendants acknowledge that Ms. Andreozzi worked as Group Fitness Manager and as a fitness instructor, but they have denied Ms. Andreozzi's allegation that her annual salary was $52,000.00 (Fifty-two Thousand) dollars. (ECF No. 7). With respect to Mr. Tripp, the Defendants admit to his employment as Director of Personal Training but claim his salary was $26,000.00 (Twenty-six Thousand) dollars and not the alleged $30,000.00 (Thirty Thousand) dollars. (ECF Nos. 1, 7).

Ms. Andreozzi complains that in late 2013, Synrgy and Mr. Owen failed to pay her salary for five weeks, amounting to $5,000.00 (Five Thousand) dollars in unpaid wages. (ECF No. 1). The Defendants deny the allegation. The Defendants do, however, admit to Ms. Andreozzi's allegation that two checks, dated November 6, 2015 and January 5, 2016, totaling $2,800.00 (Two Thousand Eight Hundred) dollars, were returned to her due to insufficient funds. (ECF No. 7). Ms. Andreozzi continued working between December 2015 and February 2016, allegedly teaching thirty fitness classes for which she did not receive payment. The Defendants deny that allegation but admit that "Andreozzi complained repeatedly to Defendant Michael T. Owen, Jr. about the back wages owed to her and each time he assured her that he would pay off the balance owed to her." (ECF Nos. 1, 7).

Mr. Tripp makes allegations like those of Ms. Andreozzi. He complains that checks, one for $582.69 and another for $786.05, issued by Defendants in October

3

2015, and two checks, one for $608.90 and another for $353.46, issued in December 2015, were returned for insufficient funds. (ECF No. 1). The Defendants admit to issuing the checks, but not to their return for insufficient funds. (ECF No. 7). Like Ms. Andreozzi, Mr. Tripp continued working for a short time after these alleged incidents of unpaid wages and asserts that Synrgy and Mr. Owen failed to compensate him for ten personal training sessions provided in January 2016 amounting to owed wages of $450.00. (ECF No. 1). Unlike Ms. Andreozzi, Mr. Tripp further asserts that Synrgy and Mr. Owen withheld $82.00 per week from Mr. Tripp's paychecks during a six to eight-month period for health insurance coverage, however when he attempted to use his insurance, Mr. Tripp was told that he did not have insurance. (ECF No. 1). The Defendants acknowledge the healthcare deductions but have denied that Mr. Tripp was uninsured. (ECF No. 7). Finally, Mr. Tripp complains that payroll taxes were withheld from his paychecks, but that Synrgy and Mr. Owen failed to submit those withholdings to the Internal Revenue Service or Rhode Island Department of Taxation. (ECF No. 1). In their Answer, the Defendants deny that allegation.

Ms. Andreozzi and Mr. Tripp claim they are owed back wages totaling $9,120.00 and $17,781.10, respectively, and that the failures to compensate violate FLSA and RIMWA and amount to breaches of contract. (ECF No. 1).

The Defendants answered the Plaintiffs Complaint and filed a third-party complaint against TOP Strength, LLC, and Mr. Tripp. The Defendants' Third-Party Complaint claims tortious interference and breach of contract based on allegations

4

that Mr. Tripp operated his own fitness center while providing services at Synrgy and that he solicited clients from Synrgy. (ECF No. 7). Since filing the answer and counterclaim, Defendant Deborah Owen has filed for Chapter 13 Bankruptcy. Mr. Owen and Synrgy are not parties to the bankruptcy proceeding and have failed to respond in any way to Plaintiffs' interrogatories, this Court's orders granting the Plaintiffs' Motion to Compel Interrogatories, and this Court's order requiring Synrgy and Mr. Owen's response to the instant Motion for Summary Judgment. Attempts to reach Synrgy and Mr. Owen, both *pro se*, have resulted in returned mail and otherwise have elicited no response.

## II. SUMMARY JUDGMENT STANDARD

In ruling on motions for summary judgement the Court must examine the documents submitted by the parties to determine whether there exists a disputed issue of material fact. The court reviews the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club,* 218 F.3d 1, 5 (1st Cir. 2000) (citing *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 672 (1st Cir. 1996)). "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." *Coyne v. Taber Partners I,* 53 F.3d 454, 460 (1st Cir. 1995).

Furthermore,

> [s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable [people] might differ as to its significance, summary judgment is improper.

*Gannon v. Narragansett Elec. Co.,* 777 F. Supp. 167, 169 (D.R.I. 1991).

This case presents a somewhat unusual scenario as the Plaintiffs' Motion for Summary Judgment has remained without response for many months. The motion was filed on November 25, 2019 with notice mailed to the defendants at the address that had been provided to the court in compliance with Local Rule Gen. 302. (ECF 40). Responses were due on December 9, 2019. Having received no response from the defendants by March 18, 2020, the Court, *sua sponte* extended the time for response until April 20, 2020. At the same time the Court mailed notice of this order to the defendants. That notice was returned as undeliverable on March 30, 2020. Since that time, almost six months ago, the Court has not had any contact from the defendants in this case and they have not updated their contact information with the Court. Having waited a sufficient time, the Court will treat this motion as unopposed.

### III.   DISCUSSION

#### A. Unopposed Motion for Summary Judgment

Although the motion is unopposed, the plaintiffs are not entitled to an automatic grant of summary judgment. *Aguiar–Carrasquillo v. AgostoAlicea,* 445 F.3d 19, 25 (1st Cir. 2006). "Before granting an unopposed summary judgment

motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Id. (quoting *López v. Corporación Azucarera de Puerto Rico*, 938 F.2d 1510, 1517 (1st Cir.1991)).

When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion. *NEPSK, Inc. v. Houlton,* 283 F.3d 1, 7–8 (1st Cir.2002). The defendants' denials contained in their answer to the complaint are insufficient to sustain their burden of showing that there are material issues of fact that remain in dispute. (See *Colon-Perez v. Dep't of Health of Puerto Rico,* 623 F. Supp. 2d 230, 238 (D.P.R. 2009) "Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment."). "The adverse party cannot defeat a well-supported motion by 'rest[ing] upon the mere allegations or denials of [its] pleading.'" *Data General v. Grumman*, 36 F.3d 1147, 1159 (1st Cir. 1994)(abrogated on other grounds by: 559 U.S. 154 (2010)).

### B. Fair Labor Standards Act and Rhode Island Minimum Wage Act Claims

#### 1. Employer

Both the FLSA and the RIMWA require employers to pay covered employees the mandated minimum wage. Federal law includes "any person acting directly or

indirectly in the interest of an employer in relation to an employee" in the definition of employer. 29 U.S.C.A. § 203 (d). Rhode Island law has an analogous provision defining an employer as "any individual, partnership, association, corporation, business trust, or any person, or group of persons, acting directly, or indirectly, in the interest of an employer, in relation to an employee." R.I.G.L. §28-12-2 (7). The test for individual liability for the failure to pay minimum wages is whether the officer exerted operational control over the business entity. In such a case a manager can be held individually liable for the failure to pay appropriate wages and courts have interpreted this test expansively. *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983).

In this case the only evidence is that Mr. Owens was a part owner of defendant Synergy and exercised operational control over the business. As a result, he is jointly and severally liable, along with Synergy for any unpaid wages.

### 2.   Minimum Wage

The plaintiffs have alleged a violation of the Fair Labor Standards Act, 29 U.S.C. 201 (FLSA), *et seq* as well as Rhode Island's Minimum Wage Act, RIGL §28-12-1, *et seq* (RIMWA) and Rhode Island's Payment of Wages Act (PWA) §28-14-19.2. Since both claims arise from the same set of facts and the RIMWA utilizes the same structure and many of the same definitions as the FLSA, they will be examined together. An individual employee is entitled to bring a claim against an employer for a failure to pay minimum wage under both §29 U.S.C. 206 and Rhode Island's PWA §28-14-19.2  If the action is sustained, the employee is entitled to the amount of wages

owed as well as liquidated damages. "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216.[4]

In this case the plaintiffs each allege that they were not paid their agreed upon salaries for several weeks or months and were further not compensated for fitness classes or instruction given. Ms. Andreozzi alleges she was salaried as the Group Fitness Director/Manager and was also compensated separately at the rate of $40 per hour for the group classes she taught. Similarly, Mr. Tripp alleges he was salaried as the Director of Personal Training for some period but was also compensated at a rate of 60% of gross revenue for personal training sessions that he held with clients of the defendants. While Mr. Owen disputes the agreed upon amount of both salaries and denies the allegation of non-payment; either of salary or for individual fitness classes, he has provided nothing more than a bare denial. In contrast the plaintiffs have each supported their allegations with affidavits swearing to the truth of their allegations.

The court looks to the record evidence to determine if the defendants have failed to pay minimum wages as required by both federal and state law. The

---

[4] RIMWA provides an analogous remedy in the Payment of Wages Act (PWA) RIGL 28-14-19.2(a) "An aggrieved party shall be entitled to recover any unpaid wages and/or benefits, compensatory damages, and liquidated damages in an amount up to two (2) times the amount of unpaid wages and/or benefits owed…"

defendants' denials in this case cannot overcome the sworn affidavits of the plaintiffs. The Court finds that the plaintiffs were not paid at all for many weeks. Ms. Andreozzi was not paid her salary for five weeks in late 2013 and Mr. Tripp was not paid his salary for the six months that he acted as the Director of Personal Training beginning in January 2015. The failure to pay these employees at all for their hours worked clearly violates both federal and state minimum wage laws It also violates Rhode Island's PWA. The relevance of the violations of multiple statutes is that a violation of the minimum wage laws would only compensate plaintiffs for hours at the relevant minimum wage. On the other hand, a violation of the PWA entitles them to compensation at the agreed-upon rates.

Both plaintiffs worked for defendants in two capacities; their salaried roles as well as in separate roles for which defendants had agreed to separate compensation. When salaried employees also work in a different capacity for an hourly wage for the same employer, they are entitled to be compensated for the second capacity work in addition to their salaries for their primary role; the failure to compensate them for both, regardless of what they were paid in their primary role, is a violation of the FLSA and the RIMWA.

Unfortunately, the only evidence of Ms. Andreozzi's claim that she is owed five weeks of pay totaling $5,000 is her assertion that this occurred in "late 2013." The PWA imposes a three-year statute of limitations which is not met by the April 4, 2017, filing of this complaint. R.I.G.L. §28-14-19.2(g). While the defendants have failed to defend this case in almost any way, they did answer the complaint and have raised

the statute of limitations as an affirmative defense. Therefore, the Court must hold that Ms. Andreozzi's claim for unpaid wages for five weeks in "late 2013" is barred by the statute of limitations.

### Breach of Contract

When the law provides a remedy under the PWA, the plaintiff cannot sustain a separate cause of action for breach of contract. *Brisbano v. Strine Printing Co., Inc.,* 135 A.2d 1202 (R.I. 2016). Because the Court has found a violation of the RIMWA and an attendant right to bring suit under the PWA, R.I.G.L. §28-14-19.2, the claim for breach of contract must fail. Although the plaintiffs have argued that the actions by the defendants amounted to a breach of contract, the court must look beyond the language of the complaint to the specific allegations and the injury alleged. In this case it is clear that all of the claims arose out of the defendants' failure to pay wages as promised, as both salary and payment for individual teaching and coaching sessions. In rejecting a duplicative complaint for breach of contract, the Court must also deny the plaintiffs the benefit of the ten-year statute of limitations for such actions. *See Brisbano v. Strine Printing Co., Inc.,* 135 A.2d 1202, 1208-09 (R.I. 2016).

### Damages

Rhode Island PWA provides for compensatory damages as well as liquidated damages for up to two times the amount owed. Wages are also defined broadly and include salary and other forms of compensation. For that reason, the Plaintiff's

Motion for Summary Judgment (ECF No. 40) is GRANTED. Plaintiff Andreozzi is awarded $4,120 in wages and compensation and $8,240 in liquidated damages. Plaintiff Tripp is awarded $17,781 in wages and compensation and $35,562 in liquidated damages. Plaintiffs are also awarded costs and reasonable attorney's fees.

IT IS SO ORDERED:

_____
Mary S. McElroy
United States District Judge

September 21, 2020